NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DAVID EBELING and ROBERT A.
EBELING,

       Appellants,

v.                         Case No. 2D17-3434

SUNTRUST BANK, a Georgia Banking
Corporation, as trustee of the Richard W.
Kohler Trust; JOHN CHAMBERS, as
personal representative of the Estate of
Jean M. Kohler Mueller; RICHARD D.
JENSEN; DANIEL R. JENSEN;
E. WESLEY BARKER; REBECCA G.
EBELING; PETER M. EBELING; BILLY
W. RODGERS; CHERIE LYNN
CHRISTENSEN; STEVEN D. RODGERS;
SHEILA E. RODGERS; ASHLEY G.
RODGERS; BRADY JOE DAVIS;
JOSHUAH PAUL DAVIS; SARA
NIENADER; FREDERICK CARRINGTON,
as guardian ad litem for unknown and
unborn who may have an interest in
this litigation,

       Appellees.

JOHN CHAMBERS, as personal
representative of the Estate of Jean M.
Kohler Mueller, deceased,

       Appellant,

v.                         Case No. 2D17-4510

SUNTRUST BANK, a Georgia Banking    CONSOLIDATED
Corporation, as trustee of the Richard W.
Kohler Trust; RICHARD D. JENSEN;

DANIEL R. JENSEN; E. WESLEY )
BARKER; REBECCA G. EBELING; )
PETER M. EBELING; BILLY W. )
CHRISTENSEN; STEVEN D. )
RODGERS; CHERIE LYNN RODGERS; )
SHEILA E. RODGERS; ASHLEY G. )
RODGERS; BRADY JOE DAVIS; )
JOSHUAH PAUL DAVIS; SARA )
NIENADER; FREDERICK CARRINGTON, )
as guardian ad litem for unknown and )
unborn who may have an interest in )
this litigation, )
                                                              )
               Appellees.                     )
_____)

Opinion filed June 7, 2019.

Appeal from the Circuit Court for Pinellas
County; Patricia A. Muscarella, Judge.

Brandon D. Bellew and Caitlein J.
Jammo of Johnson, Pope, Bokor,
Ruppel & Burns, LLP, Clearwater, for
David Ebeling and Robert A. Ebeling.

Edward W. Dougherty, Jr. of Edward W.
Dougherty, Jr., PA, Tallahassee, for John
Chambers.

Joseph W. Fleece, III, and Stephen M.
Dennis of Legacy Protection Lawyers,
St. Petersburg, for Richard Jensen and E.
Wesley Barker.

Robert M. Ervin, Jr. of Ervin Kitchen &
Ervin, Tallahassee, for SunTrust Bank.

Frederick Carrington of Law Office of
Fred Carrington PA, Newberry, for Appellee
Unknown Beneficiaries.

No appearance for remaining Appellees.


KELLY, Judge.

John Chambers, as the personal representative of the Estate of Jean M. Kohler Mueller, appeals from the summary final judgment determining that the corpus of the Richard W. Kohler Trust should be distributed to contingent beneficiaries named in the Trust rather than to Ms. Mueller's estate.[1]  The facts before the trial court were undisputed, the only issue being the proper construction of the Trust.  We review the trial court's decision construing the terms of the Trust de novo, and we do so under the law of Illinois as required by the Trust.  See Schroeder v. Sullivan, 104 N.E. 3d 460 (Ill. App. Ct. 2018).

The relevant portion of Article IV of the Trust states:

> (1)	The Trustee shall, at least as frequently as quarterly, pay the entire net income to Grantor's wife, LYDIA K. KOHLER, so long as she survives.
>
> (2)	Upon the death of Grantor's wife, LYDIA K. KOHLER, or if she predeceases the Grantor, the Trustee shall pay the entire net income to Grantor's daughter, JEAN M. KOHLER MUELLER[,] in installments not less frequently than quarterly.
>
> (3)	If the trust has not been totally previously distributed, upon the death of the survivor of Grantor's wife, LYDIA K. KOHLER, and Grantor's daughter, JEAN M. KOHLER MUELLER, the Trustee shall pay the entire net income to JEAN M. KOHLER MUELLER'S children, per stirpes. Upon the youngest of JEAN M. KOHLER MUELLER'S children living at Grantor's death attaining the age of thirty-five (35) years old, the Trustee shall distribute one-half (1/2) of the then aggregate market value of the trust to JEAN'S children equally, per stripes. Upon JEAN'S youngest child living at Grantor's death attaining age thirty (30), the Trustee shall distribute the balance of said trust to JEAN'S children equally, per stripes. In the event any one of JEAN'S children are not surviving at the time for distribution hereunder, leaving no descendants, his or her share

---

[1]David and Robert A. Ebeling, who are appellees in Chambers' appeal, also appealed the judgment in case number 2D17-3434.  We have consolidated that appeal with Chambers' appeal for purposes of this opinion.

shall be distributed to the other child or children of JEAN, in equal shares per stripes.

(4)	In the event Grantor's wife, LYDIA K. KOHLER, Grantor's daughter, JEAN M. KOHLER MUELLER and all of JEAN M. KOHLER MUELLER'S descendants predecease the Grantor, or none survive until the time of the distribution hereunder, the Trustee shall distribute the trust to the following persons, in the percentages set forth, per stirpes: Gordon Carl Mueller, twenty-five (25) per cent; Barbara Ann Ebeling, thirty (30) per cent; Rose Raenette Barker, forty-five (45) per cent.

The Estate contends the entire corpus of the Trust should be distributed to it. The descendants of Barbara Ebeling and Rose Barker, who are deceased but who are named as contingent remainder beneficiaries in Article IV of the Trust, have challenged the Estate's entitlement to the Trust corpus. Barbara Ebeling's descendants argue the corpus should be distributed to them and to Rose Barker's descendants, while Rose Barker's descendants claim it should be distributed to them alone. The trial court found in favor of the Barker descendants. We conclude the trial court erred in construing the Trust; accordingly we reverse.

Under Illinois law, as in Florida, courts are required to look to the plain meaning of trust language to determine how to enforce its terms. Mucci v. Stobbs, 666 N.E. 2d 50, 55 (Ill. App. Ct. 1996). A court will look only at the four corners of the trust unless there is an ambiguity within the trust's language, and if there is an ambiguity within the terms, then the court will look to extraneous information to determine the settlor's intent. First Illini Bank v. Pritchard, 595 N.E. 2d 728, 732 (Ill. App. Ct. 1992). All parties to this appeal argue that the terms of the Trust are unambiguous, yet they offer three different constructions of that unambiguous language. Despite that, we

- 4 -

agree the Trust is unambiguous in that we can determine the meaning of the disputed provisions by construing them in the context of the four corners of the Trust.

The resolution of this dispute turns on the nature of Jean Mueller's interest in the Trust as well as that of her children, Sarah and Carl. The contingent beneficiaries contend that the language italicized below gave Jean a life estate in the income from the Trust:

> (2) Upon the death of Grantor's wife, LYDIA K. KOHLER, or if she predeceases the Grantor, the Trustee shall pay the entire net income to Grantor's daughter, JEAN M. KOHLER MUELLER[,] in installments not less frequently than quarterly.

> (3) If the trust has not been totally previously distributed, *upon the death of* the survivor of Grantor's wife, LYDIA K. KOHLER, and *Grantor's daughter, JEAN M. KOHLER MUELLER, the Trustee shall pay the entire net income to JEAN M. KOHLER MUELLER'S children, per stirpes.* Upon the youngest of JEAN M. KOHLER MUELLER'S children living at Grantor's death attaining the age of thirty-five (35) years old, the Trustee shall distribute one-half (1/2) of the then aggregate market value of the trust to JEAN'S children equally, per stripes. Upon JEAN'S youngest child living at Grantor's death attaining age thirty (30), the Trustee shall distribute the balance of said trust to JEAN'S children equally, per stripes. In the event any one of JEAN'S children are not surviving at the time for distribution hereunder, leaving no descendants, his or her share shall be distributed to the other child or children of JEAN, in equal shares per stripes.

From this, the contingent beneficiaries reason that the provision calling for distribution of the Trust corpus when the youngest of Jean's children reaches the age of thirty-five, with the balance to be distributed when that child reaches age thirty,[2] must be read to mean that the distribution to the children cannot occur before Jean dies. Otherwise, there would be no income to distribute to Jean for the remainder of her life.

_____

[2]The parties all appear to agree that ages were transposed.

- 5 -

Consequently, they argue that the "date of distribution" referenced in section (4) of Article IV is the date of Jean's death, and because Carl predeceased Jean, the Trust passes to them under section (4).

The Estate argues that the Trust did not give Jean a life estate in the Trust income. It contrasts the absence of specific words creating a life estate for Jean to the use of the specific language, "so long as she survives," to create a life estate for Lydia Kohler. It also argues that section (4) of Article IV would make no sense if the "date of distribution" in that provision meant the date of Jean's death. Finally, it argues that its construction gives effect to all the language of the Trust unlike the construction urged by the contingent beneficiaries. We agree.

Under Illinois law, it is not absolutely necessary to use specific words to create a life estate, and an estate given to one person in general terms followed by a clause giving the property to a second person at the death of the first person, has been held to indicate that the first person has a life estate. See Griffin v. Griffin, 194 N.E. 2d 641, 643 (Ill. 1963). However, the intent of the settlor "as manifested, either expressly or by necessary implication" from the language of the Trust as a whole is controlling. Id. Thus, while the language here *could* have given Jean a life estate in the income from the Trust as the contingent beneficiaries contend, we conclude that given the language of the Trust as a whole, it did not.

In reaching this conclusion, we first note that while the absence of specific life estate language is not determinative, the fact that the drafter used specific language to create a life estate for Jean's mother, Lydia, while omitting that language in connection with the income gift to Jean, is noteworthy. More importantly, section (3) of

Article IV, regarding paying income to Jean's children at her death, is prefaced by language explaining that those payments will occur only "[i]f the trust has not been totally previously distributed." This plainly refers to the distributions to the children once the youngest child reached the specified ages. In other words, if the children have not reached the age of distribution, meaning the principle is intact and producing income, and Jean dies, the children will receive the income until the principal can be distributed to them. Stated yet another way, this provision of the Trust is intended to direct how the income is to be paid until the time the principle is distributed; it is not to prevent distribution of the principle until Jean's death. No language in the Trust qualifies the distribution to Jean's children beyond the requirement that they be alive at the grantor's death and that they reach the specified ages, at which point the Trust provides that the Trustee "shall distribute" the Trust's value to the children.

Reading the Trust as a whole, it seems clear the grantor's intent was to distribute the corpus to Jean's children at the specified times and pending that distribution, direct how the Trust income was to be paid. The contingent beneficiaries' construction prioritizes the payment of the Trust income over the distribution of the corpus to Jean's children, ignores the mandatory language directing the distribution of the corpus, fails to account for the introductory phrase regarding possible distribution before Jean's death, and requires "date of distribution" to mean one thing in section (3) of Article IV and another in section (4).

The Trust corpus should have been distributed to Jean's children in part in 1999, with the remainder distributed in 2004. Jean's daughter, Sarah, died with no descendants before either date of distribution. Accordingly, under section (3) of Article

IV, her share would have been distributed to her brother, Carl. Although Carl reached the age of thirty-five, for reasons that are not a part of the record, the Trustee did not make any distribution to him. Nevertheless, his interest had vested because he was alive at the grantor's death and he survived until the date of distribution. See <u>Dyslin v. Wolf</u>, 96 N.E. 2d 485 (Ill. 1950) (explaining the general rule for vesting of future interests).[3] When Carl passed away in 2006 at the age of thirty-seven, he had no descendants so his interest became part of his estate of which Jean was the personal representative and sole beneficiary. The contingent beneficiaries were only entitled to distribution if neither Lydia, Jean, Sarah, Carl nor their descendants were alive at the date of distribution, a contingency that never occurred.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

MORRIS and ATKINSON, JJ., Concur.

---

[3]Arguably, the interests of both grandchildren vested at the time of the grantor's death, with only their right to possession and enjoyment postponed until they reached the specified ages. However, the Estate has not asserted this was the case so we need not decide the issue.